Our first case for today is 2024-30255, United States of America v. Delvin Edmond. You may proceed. Good morning, Your Honors, and may it please the Court. My name is Samantha Kuhn, and I represent Mr. Edmond in this appeal. In our brief, we've raised multiple errors that occurred at Mr. Edmond's sentencing, all of which require a reversal and remand to the District Court. But this Court only really needs to reach one, and it's an error that the government all but conceded in its brief on appeal. And that's the error involving the synthetic cannabinoids conviction in Louisiana that the District Court qualified as a controlled substance offense to trigger the career offender enhancement. Now, it's undisputed that controlled substance, as used in the federal sentencing guidelines, is defined by reference to the Controlled Substances Act in federal law. The government agrees in their brief that synthetic cannabinoids in Louisiana penalizes a broader or wider range of compounds than the federal CSA, and so therefore it's a categorical mismatch for the controlled substances offense. And the government doesn't dispute that we've identified an actual case where it has been applied more broadly than the federal CSA. That's undisputed, so even if this Court's realistic probability test still requires an actual case, the government doesn't contest that we've satisfied that. That should be the end of the inquiry. We've established, and it's not disputed, that this is a categorically broader state offense than the federal controlled substance offense. That conviction triggered, or that erroneous application of the controlled substance offense classification triggered career offender enhancement for Mr. Edmond. It increases guidelines range by more than nine years on the lower end. And the government also doesn't dispute that if this Court finds clear and obvious error, that it should remand on plain error review, that it affected his substantial rights and warrants correction by this Court. Now, the government does still oppose relief in their brief, based solely on their contention that synthetic cannabinoids in Louisiana statute is divisible within itself by the particular compound or structural class of which there are dozens. That argument is wrong, as we've explained in the reply, and I'll briefly address why that's incorrect in the first place. But I think the more important point for this Court is that it doesn't matter, at the end of the day, whether the government is correct or incorrect about divisibility. As we explained in the reply brief, this Court has already held, over 20 years ago, made clear that reliance on the PSR's characterization of an offense as qualifying as an enhancing prior conviction without any Shepard documents is clear error when there's no Shepard documents and the statute is facially overbroad. And so, at the end of the day, even if the government were correct that this is a divisible statute, the Court couldn't just rely on the PSR's characterization and there were no Shepard documents before it. And so, under cases like Garza-Lopez and Bonilla-Maniga, this Court would still have to reverse. Now, on Bonilla-Maniga, do you have a question? If we were to agree with you, what other issues in this case would we need to address, if any? So, it would moot out all of the questions of whether reversible error occurred on the other sentencing issues. I would direct the Court to U.S. v. Birch, in which the Court found a guideline error that was reversible error, but also included a directive to the District Court regarding its – directing the District Court to omit consideration of certain improper sentencing factors that also played a part in the sentencing. And so, in this case, we would ask the Court to still review the substantive reasonableness issue. And because we believe that certain improper factors, specifically the bare arrest record and the socioeconomic status, were considered, that could re-emerge at a resentencing. So, we think it would be appropriate for the Court to also direct the District Court on resentencing not to consider those. You say it should follow the factors which do not include bare arrest records or socioeconomic status. Correct. Correct, Your Honor. That would be just one sentence. Yes, and I think in Birch, the language is the District Court is directed to omit consideration of, you know, insert the improper factors. And would we also remind the Court that the oral pronounce – that if there were to be a – that the Court would be free to, if appropriate, to subject the person, Mr. Edmund, to outpatient treatment, but the Court must do that, not the probation or something. Yes, Your Honor. Would that be part of it, too? Correct, ensure that a written judgment complies with the District Court's ordering of conditions of supervised release. And then I was briefly going to address, if the Court has no questions about those issues, just briefly to address the divisibility argument. Again, this Court doesn't have to reach the question about whether the statute is further divisible within synthetic cannabinoids. But Mathis provides clear directions about how to make an assessment of divisibility. There's three sources of information it really directs us to look at. State case law, statutory punishments, and Shepard documents. The government agrees and recognizes that synthetic cannabinoids is treated in its entirety in the statute, and so there are no different statutory punishments for different compounds within it. The Shepard documents here for Mr. Edmund and also other state cases show that the prosecutions have routinely charged synthetic cannabinoids in its entirety and don't specify or have to prove a particular compound. And then, you know, this Court held in Frierson, obviously, that these statutes are divisible by type of drug, but that is treated as far as the drugs that are specified in 967 and then also we would agree 966, which would be distinguishing, for example, heroin from synthetic cannabinoids. There's no support in the case law to say that the independent compounds or structural classes in synthetic cannabinoids are somehow in distinct offenses, and the state case law clearly refutes that. So for all those reasons, we would ask the Court to reverse the career offender enhancement. It has the Shepard documents. There's no reason for the district court to reconsider it. They definitively show that there is no specification of a particular compound, so it's clear and obvious that the career offender enhancement needs to be reversed, and we would ask for a reversal. Thank you. The Court has no further questions. We have your argument, and you've saved time for rebuttal. Thank you. Chief Judge Elrond, may I proceed? You may have pleased the Court. Your Honor, for any categorical analysis, I agree with the defense counsel that one of the first things you need to do is see what Louisiana does with its own statutes. And here, while we do agree that the synthetic cannabinoid statute is facially overbroad, we do not agree that it cannot be considered a controlled substance offense because we do believe these are elements and that the synthetic cannabinoids in 964 are actually elements. Hence, the statute is divisible, and if the Court does not end with the fact that there is not clear and obvious error shown, it goes further. It has to address the divisibility issue. But everything here suggests that it is divisible. And first, the statute at hand, 4966, is very similar to 4967, which this Court handled in the Frierson case. And one of the things it recognized in the Frierson case is that you read that statute together with section 964, 4964, which lists all the substances. And doing that, we see that these are elements for several reasons. First, Louisiana case law is very clear on this, and it gives us their default rule. The exact identity of the controlled substance is an essential element of the offense. The state cases we support in that are Scott, Williams, Smith, Miller, and I believe this Court recognized that in Frierson. So that's the first thing to support that these are actual elements. But here are some other things we know. If you read 966 and 964 together, 966 will reference to 964, and 964 references all those elements. Additionally, there are 28 specific chemical substances, not generic definitions, but 28 specific chemical substances in the current version of 964F for synthetic cannabinoids. If they're not meant to be individual elements, there's no reason to have that many of them. A generic definition could have worked. Another thing that shows they're elements is that the legislature continues to go back and add to them as more substances are finding. In fact, in one of the cases ‑‑ Counsel, I want to make sure I understand what you're getting at. So are you talking about some modified categorical approach because we have divisible elements? Yes, I agree. I believe they're divisible, so you have to go to the modified approach. Modified categorical approach. And so then is it your view we don't need to look at any Shepard documents? I think you do have to look at Shepard documents. Did the district court look at any Shepard documents? From what we can tell, no. It was relied on the PSR. Well, then isn't that error? I think that would ‑‑ if you reach the divisibility and find it is divisible, I think that is a problem and would have to go back, and I would recommend going back. I know the Shepard documents that have been supplemented here, counsel mentioned you don't need to go past it, but I think you do because the Shepard documents that were submitted here I think are incomplete and don't answer the question, and I say that for this reason. As the court knows, when the modified categorical approach, the Shepard documents can look at include terms of a charging document, terms of plea agreement, but they also can include the terms of a transcript of a colloquy between the court and the defendant confirming the factual basis for the plea. That way you can see what's going on. Now, here I'm referencing the supplemental Shepard documents that were supplemented by defense counsel. This is court document 102-1, page 11. That's the minute entry for the state conviction or plea to the possession of the synthetic cannabinoid. The minute entry in 1121, the third paragraph says, the state informed the court of the facts and circumstances herein. Mrs. Teresa King, IDB, the indigent defendant board, informed the court that there was no objection to the said facts and circumstances presented. So what that entry from the Shepard document tells us, at least in FERS, there is a colloquy. There was a factual basis given to the court where the defendant did not object and would have assented to this factual basis. So I think the Shepard documents have been supplemented to, Your Honors, are incomplete. And so if we reach that question, I do agree it's probably best to send it back for a remand for the district court to explore the complete Shepard documents. I can't tell you what that colloquy would say. I'm not sure if it will answer the question. And if it doesn't answer the question, then I think the right thing to do would be an instruction that if it doesn't answer the question, then in that case we don't know from the Shepard documents which specific element would be. So you would be defaulting to vacate the sentence at that point. I don't know. It seems that Louisiana law may be partially divisible because if the individual compound or chemical group is an element of the offense under the modified categorical approach, we still don't know what elements Edmond was convicted of. And so I think that's problematic for you here. I think it is, and I agree with that. And if you reach the divisibility, if you find that, I think you do have to find whether the statute is divisible or indivisible first for that question. But if it is divisible, that's why I think a remand would be appropriate. But I'm not sure you can even get, I don't see how you can get there, even on remand, because you can't, you won't be able to tell which specific elements Edmond was convicted of. And that's going to be a problem for the modified categorical. So go ahead. I'm sorry for talking over you, Judge. No, you go ahead. I think as it stands right now on the documents you have before you, but like I said, because I think the document implies or I think it says that there is a colloquy with a factual basis that will answer that, I agree we would have to get that colloquy in front of the judge. Well, you agree we need a re-sentencing. We need a full re-sentencing. You think we need a full re-sentencing? If you find that it is divisible, I think it needs to go back to that. Don't you think it's divisible? I do think it's divisible, and that's my argument. I do think it's divisible, but you haven't said it yet. I guess that's why I'm saying that. Opposing counsel disagrees, but I think it is. But regardless, it has to go back. I think for that purpose. If it's divisible for the purpose that you think it has to go back, if it is a loser anyway it has to go back, it's got to go back. I would agree. Would you object to our giving the sentence about the bare arrests and the district reminder? Sure. Not saying that the court disregarded or didn't follow that, and also about who has to say the conditions of the treatment and outpatient treatment or whatever. Oh, sure, definitely. I wouldn't have a problem. And, again, like you said, I'm not suggesting the district court erred in his reasons for sentencing. You're not conceding any error by the district court, but the law has been articulated correctly by your friend on the other side. No, I understand that. I think the biggest thing I'm hoping, the biggest thing I'm asking for today is not to find that the synthetic cannabinoid statute is indivisible, because I don't think it is, because that would end it all together without a remand at all. And because we do believe the statute is divisible and that these are individual elements for the several reasons I've said, and the case, as I said, I think remand would be appropriate for that statute. If there's any questions about the pee-wit cocaine statute, I know counsel didn't, but if there's any other questions on that or anything else other than that, if the court would remand, I think, and we would agree with the instructions, if under exploring the modified categorical approach, if it does not answer what question was, then we certainly think the career enhancement would not be appropriate because there would not be enough information. I would be allowed to bring in new documents at this stage. You've already got in the Shepard documents after the fact. I mean, why would there be more documents after this stage? Sure. The only reason I would say that is because the Shepard documents were supplemented to this court with defendant's reply brief, and I don't object to that. Right, but I'm saying new documents. You say that there's going to be new documents. It just seems like how many bites of the apple do you get at this? Well, I think that's because the Shepard documents were not there in the first place. But Shepard documents don't get you there. But I would say the Shepard documents that you have don't get us there. I think there's another Shepard document that has not been supplemented to you. That's what I'm talking about. Why should you get to bring in another Shepard document on a new thing? I think because the Shepard documents that were presented to you by counsel in this case are incomplete. Okay. Did you already show them this Shepard document, and they know what you're talking about? I haven't seen the Shepard document because I would have to order the colloquy. And certainly on the government's point, on remand, I will order the colloquy and get that to the court, and they can handle that. You don't know what it shows. No, and that's why I think more exploration. Because the district court did not have any of the documents before it. Certain Shepard documents are now before you. These documents would go back. Well, the court could decide it's too late if it wanted to. And if the court decides that, that's up to the court. But I think the appropriate thing would be, if we're remanding, because the court erred by not having the documents in the first place, I think it's appropriate for the court to have all the Shepard documents, not some new document that's been created, but a Shepard document and a colloquy that's implied by the Shepard documents. And because those colloquies are Shepard documents, I think that would be appropriate for the court's consideration. Unless there are any other questions on any of the issues. I think we have your argument. Thank you. Thank you, Your Honors. Just briefly, I want to address a couple of points from the government. One, regarding Judge Elrod, when you mentioned whether the statute was partially divisible, I think that's exactly correct. Rodriguez-Flores is an example of a case where you can look at a criminal statute and it can be divisible in certain respects and not in others. And so I think it's clear in this case that the statutes are divisible by the type of controlled substance with respect to those substances identified for different statutory penalties. But then you don't go further, which is what the government is urging, to then take a substance and narrow it down to the different types of forms that can qualify or constitute that substance. And I think it's informative to look at State v. James compared to State v. Dockin, which are two cases cited in the brief. State v. James is the origin in 1987 of the Louisiana Supreme Court saying the type of controlled substance is an essential element of the offense because, as this court acknowledged in Frierson, it dictates the statutory penalties. In State v. Dockin later on, the court recognized that a charging document validly charged a controlled substance offense when all it specified was possession with intent to distribute marijuana and or synthetic cannabinoids and didn't go further than that. And so I think that's kind of the two comparisons of one charging document being insufficient by just saying a controlled substance, but a charging document saying synthetic cannabinoids being sufficient. Again, Mr. Edmond's case, as you pointed out, shows that that's just charged generically. That's further evidence it's not divisible. And so I think all of the evidence here shows it's an indivisible statute. And then just briefly to address— So you'd urge us to make a finding that it's not divisible? Correct. I don't think it's— Or that it's partially divisible but not on this type of— Right. Pursuant to Frierson, it is divisible by type of controlled substance, but the individual compounds and structures that are substantiated within— And how does that affect your case on remand if we— I think it's the same because, as we've urged, even with the Shepard documents and even a finding of divisibility would require reversal because Mr. Edmond was not charged or convicted of a specific compound. But I think it would simplify things where there is no debate about Shepard documents. From the government's argument, you know, they agree that they recommend sending this back no matter what, and their only position is that there might be some other document that was not provided to us from Orleans saying, either in the discussion between the prosecutor and the court, what the actual factual basis for the offense was. I would urge the court that that is not a proper Shepard document. Shepard makes clear that the types of documents we look at are the charging document, which we have, the minute entry or the colloquies between the court and the defendant, the things showing the elements he actually admitted to, and all of those documents that we received from Orleans in response to our records request show just synthetic cannabinoids. We wouldn't be ruling on that because this is a hypothetical that there even is such a document. Correct, correct. Yes, and we're not aware of any. And so for that reason, we would ask for the court to just reverse the enhancement under either theory. I don't think the court has to reach the divisibility question, but if the court does, the court should find that it's indivisible with respect to the specific compounds within synthetic cannabinoids. If there are no further questions, I'll conclude. Thank you. Thank you, Your Honors. We appreciate the arguments from both counsel today. Very helpful. The case is submitted.